IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ODELL PEOPLES, JR.,

Plaintiff,                                        14cv0185
                                                  **ELECTRONICALLY FILED**

v.

PENNSYLVANIA MUNICIPAL SERVICE
CO., ET AL.,

Defendants.

## MEMORANDUM ORDER DISMISSING PRO SE PLAINTIFF'S COMPLAINT (DOC. NO. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

### I. Introduction

Currently before the Court is a Complaint filed by pro se Plaintiff Odell Peoples ("Plaintiff") against 41 Defendants pursuant to the Civil Rights Act of 1866. Doc. No. 1. For the following reasons, Plaintiff's Complaint (Doc. No. 1) will be **DISMISSED WITH PREJUDICE.**

### II. Factual and Procedural Background

Plaintiff filed a Complaint on February 10, 2014. Doc. No. 1. In the Complaint, he alleges that he has "been a black male [his] entire 'LIFE' and the defendants are white people" and that "[t]here are no 'laws' in the United States of America to protect [him] as a black male with U.S. citizenship." Doc. No. 1 at ¶¶ 3, 4. Relief requested is an order for "all parties/defendants to 'CEASE AND PERSIST [*sic*] FOREVER'!" Id. at ¶ 5. These are the sole factual averments contained in the Complaint.

On February 12, 2014, this Court ordered that Plaintiff may file an Amended Complaint that would be screened by the Court to ensure compliance with Federal Rule of Civil Procedure

12(b)(6). Doc. No. 2. Said Complaint was due to be filed on or before February 27, 2014. *Id*. Receiving no Amended Complaint, this Court may consider only the original Complaint for Federal Rule 12(b)(6) evaluation.

**III.     Standard of Review**

In order to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint presented to this Court must contain pleadings of facts sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

This Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive dismissal. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

This Court, however, need not wait for any Defendant to file a Motion to Dismiss a complaint, as a District Court "may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980); *see Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 Fed. Appx. 135, 138 (3d Cir. 2008); *Roman v. Jeffes*, 904 F.2d 192, 196 & n.8 (3d Cir. 1990).

**IV.    Discussion**

Plaintiff seeks an Order from this Court for "all parties/defendants to 'CEASE AND PERSIST [*sic*] FOREVER'!" based on his allegation that "there are no 'laws' . . . to protect [him] as a black male with U.S. Citizenship." Doc. No. 1 at ¶¶ 4, 5.

The Constitution and laws of the United States of America definitively set forth protections from various forms of discrimination against individuals based on race, ethnic, gender, or other such classifications. Most notably, the Civil Rights Act of 1964 protects individuals of those protected classes – which include racial minorities – from facing discrimination as a result of their status. See 42 U.S.C.A. § 2000(a) (protecting the "full and equal enjoyment" of goods and services in places of public accommodation without discrimination on the ground of "race, color, religion, or national origin").

The Civil Rights Act of 1964 also prohibits discrimination against a person based on race, color, religion, or national origin under the color of state authority:

> All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.

42 U.S.C.A. § 2000(a)(1). This provision renders illegal the discrimination or segregation of any individual based on, in relevant part, race by the State or by a representative of the government.

Should the Civil Rights Act of 1964 fail to reasonably assure Plaintiff of his protections as a citizen of the United States, he also is afforded specific protections under the United States Constitution. The Fourteenth Amendment provides that the United States cannot "make or enforce any law which shall abridge the privileges or immunities" of American citizens. U.S. Const. Amend. XIV, § 1. In practice, this Amendment has provided a cause of action for citizens

3

of the United States to address grievances against the Government for laws that unfairly, prejudicially, or unreasonably interfere with the rights guaranteed to them by their citizenship.

Though this Court must accept all allegations in Plaintiff's Complaint as true (*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)), Plaintiff fails to state a cognizable claim upon which relief can be granted. In order to survive dismissal, a Complaint must plausibly suggest "a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Despite his fervency, Plaintiff's does not set forth sufficient factual averments or a legally cognizable claim for relief. First, Plaintiff's Complaint contains no allegation of conduct on the part of any of the 41 Defendants that impaired his individual rights as an American citizen, discriminated against him on the basis of race, or otherwise infringed upon his person, property, or freedom. Given Plaintiff's bare and unsubstantiated allegations, this Court cannot find that he has sufficiently pled a claim for relief, nor can it find that the Complaint raises a reasonable expectation that discovery will reveal evidence of actionable conduct on the part of the Defendants.

A claim must also contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Plaintiff fails to make a plausible demand for relief. As plaintiff fails to identify with any specificity the conduct he finds offensive to his rights as an American citizen, his request that Defendants "CEASE AND PERSIST [*sic*] FOREVER!" is without such clarity that would permit a reasonable Court to assign liability to any Defendant's conduct. Doc. No. 1 at ¶ 5.

Plaintiff also fails to allege the wrongdoing of any party listed as a defendant, noting only that "the defendants are white people." Doc. No. 1 at ¶ 5. Even assuming that allegation is true, Defendants' racial status is no more wrongful conduct than the Plaintiff's status upon which he

files suit.  Because Plaintiff neither alleges with any specificity any actual conduct that violated

his civil rights, and because Plaintiff does not so much as attempt to link the Defendants to any

wrongful conduct, this Court must "conclude that [Plaintiff's] complaint has not nudged [his]

claims of invidious discrimination across the line from conceivable to plausible."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 680 (2009).  Therefore, Plaintiff's Complaint will be DISMISSED WITH

PREJUDICE.

**V. Conclusion and Order**

       For the reasons discussed above, it is hereby ordered that:

1.  Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**, and

2.  The Clerk of Court shall mark this **CASE CLOSED**.


                        /s/ Arthur J. Schwab

                        Arthur J. Schwab

                        United States District Judge


cc: Odell Peoples, Jr.
    102 Harriet Street,
    First Floor
    Rankin, PA 15104